UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAUSTEVEION JOHNSON, et al.,<br><br>         Plaintiffs,<br><br> v.<br><br>DANA EVERAGE, et al.,<br><br>         Defendants. | Case No.  2:20-cv-01935-GMN-NJK<br><br>**ORDER** |

**I. DISCUSSION**

On October 19, 2020, Lausteveion Johnson ("Johnson"), an inmate in the custody of the Nevada Department of Corrections ("NDOC"), submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 on behalf of himself and two other inmates, Christopher Smith ("Smith") and Warith Deen Abdullah ("Abdullah").  Docket No. 1-1.  Johnson, individually, also filed an application to proceed *in forma pauperis*.  Docket No. 1.

**Plaintiffs' Complaint**

Johnson and Abdullah signed the complaint, but Smith did not.  (*Id.* at 28).  Under Rule 11 of the Federal Rules of Civil Procedure, a plaintiff who is not represented by counsel is required to sign any pleading, including the complaint.  Fed. R. Civ. P. 11(a).  The Court notes that *pro se* litigants have no authority to represent anyone other than themselves.  *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).  As such, Johnson cannot represent Smith and Abdullah in this case.

Because Smith did not sign the complaint, the complaint is not valid for Smith, and Smith must file a signed complaint if he wishes to continue in this suit.  The Court will grant Smith a **one-time** opportunity to file a signed complaint on or before **January 4, 2021**.

If either Johnson, Smith, or Abdullah wishes to proceed individually in a separate action, he may file a motion for voluntary dismissal and begin a new action individually.  If Johnson, Smith, and Abdullah choose to continue to proceed collectively, they will <u>all</u> be required to sign <u>each and every</u> pleading in this action.

**Application to Proceed *In Forma Pauperis***

Johnson filed an application to proceed *in forma* pauperis. Docket No. 1. Johnson has not provided a financial certificate or an inmate account statement for the previous six-month period. Accordingly, the Court denies Johnson's application to proceed in forma pauperis, Docket No. 1, because the application is incomplete. Smith and Abdullah have not submitted an application to proceed *in forma pauperis*.

Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, an inmate seeking to begin a civil action in this Court may apply to proceed *in forma pauperis* in order to file the civil action without prepaying the full $400 filing fee. To apply for *in forma pauperis* status, the inmate must submit all three of the following documents to the Court:

(1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, this Court's approved form (i.e. pages 1 through 3 with the inmate's two signatures on page 3),

(2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form), and

(3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.

Johnson, Smith, and Abdullah must each file their own separate and fully complete application to proceed *in forma pauperis* in this matter or pay the full $400 filing fee for this action. The Court will grant Johnson, Smith, and Abdullah a **one-time** opportunity to each file their own separate and fully complete application to proceed *in forma pauperis* containing all three of the required documents, or in the alternative, pay the full $400 filing fee for this action on or before **January 4, 2021**. Absent unusual circumstances, the Court will not grant any further extensions of time.

If Johnson, Smith, or Abdullah do not each file their own separate and fully complete application to proceed *in forma pauperis* with all three required documents on or before **January 4, 2021**, and the full $400 filing fee is not paid, this case will be subject to dismissal without prejudice as to that Plaintiff in non-compliance for that Plaintiff to file a new case with the Court when he has all three of the documents needed to file a fully complete application to proceed *in*

*forma pauperis* or pays the full $400 filing fee.

A dismissal <u>without prejudice</u> means a plaintiff does not give up the right to refile the case with the Court, under a new case number, when the plaintiff has all three documents needed to submit with an application to proceed *in forma pauperis*.

Alternatively, Johnson, Smith, and Abdullah may choose not to each file an application to proceed *in forma pauperis* and instead pay the full filing fee of $400 on or before **January 4, 2021** to proceed with this case.

The Court will retain the civil rights complaint, Docket No. 1-1, but the Court will not file the complaint unless Johnson, Smith, or Abdullah each timely files a separate and fully complete application to proceed *in forma pauperis* with all three documents or pays the full $400 filing fee.

## II.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Clerk of the Court will send Johnson, Smith, and Abdullah each the approved form for filing a § 1983 complaint, instructions for the same, and a copy of the original complaint at Docket No. 1-1.

IT IS FURTHER ORDERD that if Smith does not file a signed complaint on or before **January 4, 2021**, this case will be subject to dismissal <u>without prejudice</u> for Smith to file a new case with the Court, under a new case number, when he is able to file a signed complaint.

IT IS FURTHER ORDERED that Johnson's application to proceed *in forma pauperis*, Docket No. 1, is denied without prejudice to file a new fully complete application to proceed *in forma pauperis* with all three documents.

IT IS FURTHER ORDERED that the Clerk of the Court will send Johnson, Smith, and Abdullah each the approved form application to proceed *in forma pauperis* by an inmate, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that on or before **January 4, 2021**, the Plaintiffs will either pay the full $400 filing fee for a civil action (which includes the $350 filing fee and the $50 administrative fee) or Johnson, Smith, and Abdullah will <u>each</u> file with the Court:

(1) a completed **Application to Proceed *in Forma Pauperis* for Inmate** on this Court's approved form (i.e. pages 1 through 3 of the form with the inmate's two signatures on page

3),

(2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form), and

(3) a copy of the <u>**inmate's prison or jail trust fund account statement for the previous six-month period**</u>.

IT IS FURTHER ORDERED that, if Johnson, Smith, or Abdullah do not each file their own separate and fully complete application to proceed *in forma pauperis* with all three documents or pay the full $400 filing fee for a civil action on or before **January 4, 2021**, this case will be subject to dismissal <u>without prejudice</u> as to that Plaintiff in non-compliance for that Plaintiff to file a new case with the Court, under a new case number, when he has all three documents needed to file a complete application to proceed *in forma pauperis* or pays the full $400 filing fee.

IT IS FURTHER ORDERED that the Clerk of the Court will retain the complaint, Docket No.1-1, but the Court will not file it at this time.

IT IS SO ORDERED.

DATED: November 5, 2020

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE